## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MICHAEL ANDERSEN,** *by and through*                                     **PLAINTIFF**
*Joann Smith, Conservator*


**v.**                                                          **Civil No. 1:22cv48-HSO-BWR**


**UNITED STATES OF AMERICA,**
**OFFFICER KENNETH SHAFFER, and**
**SPECIAL JOHN DOE DEBOLT**                                    **DEFENDANTS**

---

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS UNITED STATES OF AMERICA, OFFICER KENNETH SHAFFER, AND SPECIAL JOHN DOE DEBOLT'S MOTION [6] TO DISMISS AND DENYING PLAINTIFF MICHAEL ANDERSEN'S MOTION [8] TO CONSOLIDATE

BEFORE THE COURT are Defendants United States of America, Officer

Kenneth Shaffer, and Specialist John Doe Debolt's[1] Motion [6] to Dismiss and

Plaintiff Michael Andersen, by and through Joann Smith as Conservator's, Motion

[8] to Consolidate, which are fully briefed. Having considered the Motions [6][8], the

related pleadings, the record, and relevant legal authority, the Court is of the

opinion that the Motion [6] to Dismiss should be granted, that the Motion [8] to

Consolidate should be denied, and that this civil action should be dismissed without

prejudice for lack of subject-matter jurisdiction.

---

[1] Specialist Debolt is referred to as "Special 'John Doe' Debolt" in Plaintiff's Complaint [1] while Defendants' Motion [6] refers to him as Specialist Shoun O. Debolt. Compl. [1] at 1; Mot. [6] at 1. For clarity, this Order will refer to him using the title "Specialist" where applicable.

# I.  BACKGROUND

## A.  Factual background

On October 4, 2019, Michael Andersen ("Plaintiff" or "Andersen"), who was employed by a locksmith, responded to a call from the Mississippi National Guard Base in Gulfport, Mississippi, to replace a lock on the premises. Compl. [1] at 3. When he arrived, Defendant Officer Kenneth Shaffer ("Shaffer") escorted Andersen down a hallway which had been recently mopped by Defendant Specialist Debolt ("Debolt"). *Id.* Plaintiff alleges there were no marked or verbal warnings given about the wet condition of the floor, and he slipped and fell. *Id.* When he fell, Andersen struck his head and sustained "considerable and debilitating injuries," for which he had to be hospitalized. *Id.* Plaintiff alleges that these injuries have left him severely disabled. *Id.*

## B.  Procedural background

On March 4, 2022, Michael Andersen, by and through Joann Smith as Conservator, filed a Complaint [1] in this Court against Defendants United States of America, Shaffer, and Debolt (collectively "Defendants"), seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq. ("FTCA"). Compl. [1] at 6. Defendants have filed a Motion [6] to Dismiss, arguing that Plaintiff's worker's compensation insurer, Liberty Mutual Insurance Company ("Liberty Mutual"), has already filed a separate action, *Liberty Mut. Ins. Co. v. United States*, 1:21-cv-254-TBM-RPM (S.D. Miss. July 26, 2021), against Defendants based on their conduct

that led to the incident, and therefore, his claims in this case are barred by Mississippi law, Mem. [7] at 1.

In response, Plaintiff concedes that the individual Defendants, Shaffer and Debolt, should be dismissed, Mem. [17] at 2, but argues that the FTCA allows him to pursue his claim against the United States in this case even if Mississippi law would otherwise preclude it, *id.* Plaintiff also asserts that even if the law would otherwise preclude the filing of this action, the United States waived its right to challenge the decision to file this suit individually. *Id.* at 9.

Plaintiff has also filed a Motion [8] to Consolidate this case with the lawsuit brought by Liberty Mutual, arguing that the two cases arise out of the same facts and that "consolidation would better serve the interests of justice" than dismissal. Mot. [8] at 1-2. Defendants respond that, for the reasons discussed in their Motion [6] to Dismiss, the Court lacks subject-matter jurisdiction over this case, and that this defect would not be cured through consolidation. Resp. [10] at 1-2.

## II. <u>DISCUSSION</u>

### A.  <u>Applicable legal standards</u>

The FTCA provides a limited waiver of the federal government's sovereign immunity. *Johnston v. United States*, 85 F.3d 217, 218-19 (5th Cir. 1996). The FTCA provides that the United States may be held liable in tort for certain damages caused by the negligence of any of its employees "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* at 219. "In the unique context of the FTCA, all elements of a

meritorious claim are also jurisdictional." *Brownback v. King*, 141 S. Ct. 740, 749 (2021).

Under the FTCA, the substantive law of the state in which the suit arises governs the claim. *Cleveland ex rel. Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006); *see also Kristensen v. United States*, 993 F.3d 363, 368 (5th Cir. 2021) ("Because the allegedly negligent act occurred in Texas, the FTCA relies on Texas law to govern the issue of the United States' liability."). In Mississippi, the relevant state substantive law for suits involving worker's compensation insurance carriers and beneficiaries, such as Andersen, is Mississippi Code section 71-3-71, which provides that

> [t]he acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein.
>
> *            *            *
>
> An employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer.

Miss. Code Ann. § 71-3-71 (1972); *see also Liberty Mut. Ins. Co. v. Shoemake*, 111 So. 3d 1207, 1210 (Miss. 2013); *Federated Mut. Ins. Co. v. McNeal*, 943 So. 2d 658,

660 (Miss. 2006). The Mississippi Supreme Court has held that "[s]ection 71–3–71 effectively funnels all claims of the employer, insurer, or employee against a third party into one action, thereby preventing the need for multiple lawsuits." *Liberty Mut. Ins. Co.*, 111 So. 3d at 1215.

B.      Whether the Court has subject-matter jurisdiction

Section 71–3–71 "clearly conditions the employer or insurer's right to reimbursement upon the employer or insurer's joinder or intervention in the third-party action," *id.* at 1210, and requires that all claims against a defendant be brought together in one suit, *id.* Here, Liberty Mutual was the first to file suit in 2021 in case number 1:21-cv-254-TBM-RPM, which remains pending.

Plaintiff's suit in this case would violate the one-suit rule set forth by section 71-3-71. *See Liberty Mut. Ins. Co.*, 111 So. 3d at 1215. Liberty Mutual's ongoing lawsuit against these same defendants predates Plaintiff's present suit; moreover, Plaintiff had notice of Liberty Mutual's claim, because he references it in communications with the Government. *See* Ex. [6-2] at 3 (seeking to incorporate Andersen's medical records and bills provided by Liberty Mutual in communications with Defendants; stating that Liberty Mutual submitted a separate claim in December 2020 and January 2021).

An additional lawsuit against the same defendants for the same alleged violation of the FTCA would violate the plain language of section 71-3-71. Miss. Code Ann. § 71-3-71 (stating that if an insurer brings a suit, "*all claims* of such compensation beneficiary *shall be determined in such action*, as well as the claim of

the employer or insurer" (emphasis added)); *Liberty Mut. Ins. Co.*, 111 So. 3d at

1215 & n.4 (noting that, under Mississippi Code section 71-3-71, a party must join

the first action filed or its claim is waived). The appropriate method for Plaintiff to

pursue his individual claims against Defendants is to intervene in Liberty Mutual's

ongoing lawsuit against these same Defendants, and the docket sheet in that case

reflects that Plaintiff has in fact filed a motion seeking to intervene in that case. *See*

Motion to Intervene, *Liberty Mut. Ins. Co. v. United States*, 1:21-cv-254-TBM-RPM

(S.D. Miss. June 13, 2022), ECF No. 15. Mississippi courts have liberally allowed

intervention at any point before the final distribution of funds in worker's

compensation cases "to prevent a double recovery for the injured worker and ensure

that an employer or insurer who has paid compensation will be fully reimbursed."

*Liberty Mut. Ins. Co.*, 111 So. 3d at 1210 (collecting cases).

Under the statute, a beneficiary should receive "reasonable notice and

opportunity to be represented in [the action brought by the insurer] by counsel"

before his right to bring an independent suit is extinguished. Miss. Code Ann. § 71-

3-71; *Liberty Mut. Ins. Co.*, 111 So. 3d at 1215 n.4 ("The only scenario under which

the statute might permit multiple suits is where the party bringing suit has failed

to give to the other party the statutorily required notice and opportunity to join.").

Plaintiff argues that the notice requirement was not satisfied here because he "only

learned of Liberty Mutual's suit after it was already filed, [so] there was no

opportunity for Plaintiff to join in same at the time of filing." Resp. [16] at 2. By its

plain terms, section 71-3-71 does not require advance notice prior to the insurer

filing the lawsuit; it requires only "reasonable notice and opportunity" to join, which can be accomplished after the suit is filed. *See* Miss. Code Ann. § 71-3-71; *Litton Sys., Inc. v. Murphee*, 301 So. 2d 850, 852 (Miss. 1974) (discussing "notice that suit had been filed" as sufficient "reasonable notice" under section 71-3-71).[2] Plaintiff's Response [16] to the present Motion [6] indicates that he was aware of Liberty Mutual's lawsuit, noting that "Plaintiff and Liberty Mutual had discussed Liberty Mutual joining in any lawsuit filed by Plaintiff" but "Liberty Mutual did not have the luxury of waiting for Plaintiff to file suit." Resp. [16] at 2. Further, Plaintiff's Complaint [1] is largely identical to Liberty Mutual's Complaint in its suit, further suggesting that Plaintiff was aware of Liberty Mutual's lawsuit prior to filing the present suit. *Compare* Compl. [1], *with* Complaint, *Liberty Mut. Ins. Co. v. United States*, 1:21-cv-254-TBM-RPM (S.D. Miss. July 26, 2021), ECF No. 1.

Plaintiff also contends that Defendant waived its right to argue that intervention in Liberty Mutual's existing lawsuit is the appropriate way to pursue this claim. Mem. Opp. [17] at 9. To support this position, Plaintiff has submitted a letter from the U.S. Army Claims Service, which contains a brief paragraph detailing that "[i]f your client is dissatisfied with the action taken on this claim, your client may file suit in an appropriate U.S. District Court no later than six months from the mailing date of this letter." Ex. [16-1] at 2. Plaintiff asserts that

---

[2] In *Litton Systems, Inc.*, the Mississippi Supreme Court noted that Mississippi Code section 71-3-71 requires "an official notice that suit ha[s] been filed." 301 So. 2d at 852. The Supreme Court did not further elaborate what "official notice" consists of, and this Court has not located any other cases defining it. Given that Plaintiff has not challenged the notice on any grounds other than its timing, *see* Resp. [16] at 2; Mem. Opp. [17] at 3-4, the Court finds that Plaintiff received the requisite notice of Liberty Mutual's lawsuit.

"Defendant clearly instructed, and/or at the very least granted Plaintiff permission, to assert its claim by filing suit, rather than by intervening in [Liberty Mutual's] action." Mem. Opp. [17] at 9.

However, the issue presented is whether the Court has subject-matter jurisdiction, and subject-matter jurisdiction cannot be waived or forfeited by a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (stating that the government cannot waive jurisdictional prerequisites for FTCA claims in the context of exhausting administrative remedies); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) (en banc) (stating that the government cannot waive statutory exceptions under the FTCA because those exceptions deprive the court of subject-matter jurisdiction). In FTCA cases, all elements of a meritorious claim are considered jurisdictional. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-77 (1994). Ordinarily, a court cannot issue a ruling on the merits "when it has no jurisdiction" because "to do so is, by very definition, for a court to act ultra vires." *Brownback,* 141 S. Ct. at 750 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-102 (1998)). Thus, Plaintiff's waiver argument is unavailing.

Turning to Plaintiff's Motion [8] to Consolidate, because the Court lacks subject-matter jurisdiction, it similarly lacks subject-matter jurisdiction to entertain this Motion, so it must be denied.

8

III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Michael Andersen, by and through Joann Smith as Conservator's, Motion to Consolidate is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants United States of America, Officer Kenneth Shaffer, and Specialist John Doe Debolt's Motion [6] to Dismiss is **GRANTED**, and Plaintiff Michael Andersen, by and through Joann Smith as Conservator's, claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 13th day of September, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

9